IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICH AUREL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. ELH-20-3546 |
| BERTIE DO. JAMES, | * | |
| WARDEN RL WEBER and | | |
| CORIZON PROVIDES HEALTHCARE, | * | |
| Defendants. | *** | |

**MEMORANDUM**

The court received a 42 U.S.C. § 1983 prisoner civil rights Complaint (ECF 1) and motions for leave to proceed in forma pauperis (ECF 2, ECF 5) filed by self-represented plaintiff Mich Aurel, a prisoner confined at the Western Correctional Institution ("WCI"). Aurel claims that defendants failed to provide him with adequate medical care dating back to 2016 when he fell off a top bunk and was injured. He also complains of receiving inadequate medical care for numerous conditions that date back to 2014.

Aurel filed two supplements to the Complaint, generally repeating the same medical care claims and naming additional defendants. ECF 3, ECF 4. In the supplement filed on March 2, 2021, Aurel again lists the injuries sustained from his fall in 2016 and also states that he fell on January 14, 2021. ECF 4 at 4, 6. He then lists numerous medical complaints, including dizziness, head pain, chronic asthma, and neck pain dating back to his fall in 2016. ECF 4 at 4-5.

Aurel has filed roughly 50 actions in this court over the past nine years. Aurel raised similar medical claims in *Aurel v. Wexford*, Civil Action No. ELH-13-3721; *Aurel v. Warden, et al.*, Civil Action No. 15-1127; *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-15-1797; and *Aurel v. Hallworth, et al*., Civil Action No. ELH-19-0185. The court examined Aurel's

healthcare claims and granted judgment in favor of the medical defendants in each of these prior filings. The most recent of these cases, *Aurel v. Hallworth, et al.*, Civil Action No. ELH-19-0185, was dismissed on September 10, 2020.

In addition, in three of the cases Aurel was granted leave to proceed in forma pauperis pursuant to the provisions of 28 U.S.C. § 1915(a), and the cases were dismissed as frivolous or for failure to state a claim.[1] Aurel has repeatedly been notified that the dismissals constituted "strikes" under § 1915(e), and that a prisoner is not allowed to bring a civil action under the provisions of 28 U.S.C. § 1915 if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[2]

Aurel's medical conditions and treatment have been thoroughly analyzed and reviewed by this court. There is no basis for granting Aurel review of his current claims under the § 1915(g)

---

[1] *See, e.g., Mich v. Nice, et al.*, Civil Action No. JKB-14-1397; *Aurel v. Gainer, et al.*, Civil Action No. ELH-15-1750; *Aurel v. Jones, et al.*, ELH-15-1928; *Aurel v. NBCI, et al.*, Civil Action No. ELH-16-0850; *Aurel v. NBCI, et al.*, Civil Action No. ELH-16-0851; *Aurel v. Vanskiver*, Civil Action No. ELH-19-2756; *Aurel v. Kammauf, et al.*, Civil Action No. ELH-20-0511; *Aurel v. Hoover, et al.*, Civil Action No. ELH-20-1339; *Aurel v. Hallworth*, ELH-20-1340; *Aurel v. Hogan, et al.*, Civil Action No. 20-CV-2348; *Aurel v. Holley, et al.*, Civil Action No. ELH-20-2349; *Aurel v. Bittinger, et al.*, Civil Action No. 20-CV-2377.

[2] Specifically, §1915g) mandates:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

exception because at the time he filed the complaint he did not adequately allege that he was in imminent danger of serious physical harm. "'[T]he requisite imminent danger of serious physical injury must exist at the time the complaint [or the appeal is filed] or the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct.'" *Meyers v. Comm'r of Soc. Sec. Admin.*, 801 F. App'x 90, 96 (4th Cir. 2020) (quoting *Chase v. O'Malley*, 466 F. App'x 185, 186 (4th Cir. 2012)) (per curiam) (additional citations omitted). Further, "an inmate must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Chase*, 466 F. App'x at 186, 187 (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). Aurel fails to present additional allegations that he is imminent danger of serious physical injury.

Aurel is advised that should he attempt to file future civil rights actions in this court, they must be accompanied by the civil filing fee. In the alternative, a complaint filed with an indigency application must demonstrate that Aurel is in imminent danger of serious physical injury.

Accordingly, Aurel's motions to proceed in forma pauperis shall be denied and his Complaint shall be dismissed, without prejudice, by separate Order.

Date: May 4, 2021                                             /s/
                                                          Ellen L. Hollander
                                                          United States District Judge